UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 10-82-HRW

JOHN W. PRESTON, PLAINTIFF,

v.  **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his application for disability insurance benefits on January 15, 2007, alleging disability beginning on July 21, 2006, due to heart problems, high blood pressure, chest pain and problems with walking and sitting (Tr. 41-44).

This application was denied initially and on reconsideration.

On April 29, 2008, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Joyce P. Forrest, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 17, 2008, the ALJ issued his decision finding that Plaintiff was not disabled.

Plaintiff was 53 years old at the time of the hearing decision. He has an eighth grade education and his past relevant work experience consists of work as a drill press operator, forklift operator and route salesman.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 24).

The ALJ then determined, at Step 2, that Plaintiff suffers from ischemic heart disease with peripheral vascular disease and paroxysmal atrial fibrillation, which he found to be "severe" within the meaning of the Regulations (Tr. 24-25).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 25).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 27) but determined that he has the residual functional capacity ("RFC") to perform a range of light work with certain restrictions, as set forth in the hearing decision (Tr. 25-27).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 28). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on January 29, 2010 (Tr. 2-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health*

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to give appropriate weight to the opinion of a treating physician and (2) the ALJ did not consider his impairments in combination.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to give appropriate weight to the opinion of a treating physician.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. §

5

416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

The only physician named is Plaintiff's brief is Dr. Sarah Parrish. Dr. Parrish completed a Physical Residual Functional Capacity Questionnaire on April 10, 2007 (Tr. 567-571). The ALJ gave little weight to the overly-restrictive findings of Dr. Parrish, specifically stating that the extreme limitation suggested therein was inconsistent with Dr. Parrish's treatment records as well as the other medical evidence of record. The Court finds no error in this regard.

Plaintiff's second claim of error is that the ALJ did not consider his impairments in combination.

A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe, at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 25). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed

to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

Plaintiff makes a final, cursory claim that the ALJ failed to consider his testimony. However, Plaintiff does not specificy which portions of his testimony should have been deemed more credible. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'", *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (citations omitted). *See also, United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion

for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 22 day of March, 2011.

_____
Henry R. Wilhoit, Jr., Senior Judge